## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

JANUARY SESSION, 1998

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9704-CC-00138 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. J.S. DANIEL |
| ZACHERY L. BARNES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

### ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF RUTHERFORD COUNTY

FOR THE APPELLANT:

WILLIAM A. OSBORNE
Assistant Public Defender
201 West Main Street
Murfreesboro, TN 37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM C. WHITESELL
District Attorney General
3rd Floor, Judicial Building
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# **OPINION**

The Defendant, Zachery Leroy Barnes, appeals as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure. Pursuant to a negotiated plea agreement with the State, he pleaded guilty to six counts of burglary[1] as a Multiple, Range II offender and agreed to sentences of six years for each offense. After a hearing, the trial court ordered that some of the sentences be served consecutively, resulting in an effective sentence of eighteen years in the Department of Correction. In this appeal, the Defendant argues that the trial court erred by imposing consecutive sentences. We affirm the judgment of the trial court.

The Defendant was indicted on several counts of burglary and theft which occurred in the Murfreesboro area of Rutherford County between July 6, 1996, and July 15, 1996. On July 6th, the Defendant burglarized his former employer. During the commission of a burglary on July 13, 1996, an officer with the Murfreesboro Police Department attempted to arrest the Defendant. After the officer put a handcuff on one of the Defendant's wrists, the Defendant managed to escape. The Defendant committed four more burglaries before he was picked up by police. Detective Lieutenant Jim Gage investigated the cases and developed the Defendant as a suspect. The Defendant accompanied him to the Murfreesboro Police Department where he made a full confession to all of the burglaries. This included information about the burglary of Nesbitt House, of

---

[1] Tenn. Code Ann. § 39-14-402.

which the police were not yet aware. The Defendant was indicted for the following offenses:

| Indicted Offenses | | | | | |
|---|---|---|---|---|---|
| Indictment | Date/ Location | Count I | Count II | Count III | Count IV |
| 37778 | 7/14/96 Nesbitt House | Burglary | Theft < $500 | | |
| 37779 | 7/14/96 Lebeau Apts. | Burglary | Theft < $500 | | |
| 37780 | 7/14/96 Allen House | Burglary | | | |
| 37781 | 7/13/96 Pittard School | Burglary | Theft < $500 | Assault | Evading Arrest |
| 37782 | 7/15/96 Nott. Apts. | Burglary | | | |
| 37783 | 7/6/96 Mi-Tech | Burglary | Theft < $500 | Vandalism | |

On October 14, 1996, the Defendant pleaded guilty to six counts of burglary and agreed to six year sentences for each, the midrange of the sentence length for burglary, a Class D felony, as a Range II, 35%, multiple offender. See Tenn. Code Ann. §§ 40-35-101; 39-14-402(c). The other counts in the indictments were dismissed. The plea agreement provided that the newly imposed sentences would run consecutively to a prior, unserved sentence, with the trial court to determine whether the new sentences would be served

consecutively or concurrently. A sentencing hearing was conducted on November 22, 1996.

The Defendant testified that the burglaries were motivated by his crack cocaine addiction and that he was not thinking straight when he committed the offenses. He chose to burglarize businesses to avoid hurting anyone. The Defendant gave a voluntary confession because it was the right thing to do. He requested help with his drug problem, but admitted that he had not previously sought any treatment on his own. While in the Rutherford County Jail, the Defendant achieved trusty status but lost it because of improper behavior with a female trusty. He also admitted that he has had a number of prior convictions.

The presentence report indicates that the Defendant was 31 years old at the time of sentencing, single, and the father of three children. He graduated from Riverdale High School in Murfreesboro. He had been employed by Hodge Manufacturing Company from 1987 to 1994. He committed other offenses in 1994 and was incarcerated, then was employed by Mi-Tech Steel after he was released. He worked there from January, 1996, until his arrest for the current offenses in July, 1996. The Defendant has had numerous convictions, most of which occurred in 1994. These include three burglaries, one aggravated burglary, two burglaries of automobiles, three thefts valued under $500, and one conviction for forgery. The Defendant was on probation when he committed the current offenses.

On the matter of consecutive sentencing, the trial court found that the Defendant had an extensive prior criminal record and applied Tennessee Code Annotated section 40-35-115(b)(2). The trial court also found that the Defendant was on probation when he committed the offenses and applied Tennessee Code Annotated section 40-35-115(b)(6) in support of consecutive sentencing. As a result, the trial judge ordered that the offenses which occurred on July 14, 1996, in indictments 37778, 37779 and 37780, to run concurrently to each other. He ordered that the offense committed on July 13, 1996, in indictment 37781 run consecutively to the offenses in 37778, 37779 and 37780. He ordered the offense committed on July 15, 1996, to run consecutively to the other offenses. Finally, in recognition of the Defendant's cooperation with the police, the trial judge ordered that the offense in indictment 37783 should run concurrently to the other offenses. The result was an effective eighteen-year sentence.

In this appeal, the Defendant argues that the trial court erred by imposing consecutive sentences. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to

sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

We first note that the determination of the length of the sentences imposed was made pursuant to the negotiated plea agreement. The Defendant contends that the trial court erred by failing to consider a statutory mitigating factor, namely, that he neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). He also argues that the trial judge did not consider that the offenses were motivated by his cocaine habit. We find this argument to be unpersuasive. The application of statutory mitigating factors is relevant when setting the length of a sentence and the factors must be considered by the trial court. Tenn. Code Ann. § 40-35-210(b)(5). Here, however, each specific sentence had already been agreed upon. The trial court was only considering the issue of consecutive sentences. That procedure is governed by Tennessee Code Annotated section 40-35-115. Specifically, that provision states: "If a defendant is convicted of more than one (1) criminal offense, the court shall order

-6-

sentences to run consecutively or concurrently *as provided by the criteria in this section.*" Tenn. Code Ann. § 40-35-115(a)(emphasis added). The trial court considered the factors in section 40-35-115(b). Nothing requires the trial judge to specifically consider mitigating factors when considering consecutive sentences, although these factors may be relevant to the decision. We do note that, although not required, the trial judge did account for the Defendant's cooperation with the police when ordering one count to run concurrently. Therefore, this issue is without merit.

The Defendant also argues that the trial court inappropriately considered the fact that he evaded arrest as a reason to mandatorily impose consecutive sentences pursuant to Rule 32(c)(3)(B) of the Tennessee Rules of Criminal Procedure. He argues that this provision should not apply. Although the trial judge mentioned the fact that the Defendant evaded arrest, nothing in the record indicates that this provision was relied upon in imposing consecutive sentences. Thus, this issue has no merit.

The trial judge articulated on the record that he relied upon Tennessee Code Annotated section 40-35-115 (b)(2) and (b)(6) when he ordered consecutive sentences. It is clear from this record that the Defendant is an offender whose record of criminal activity is extensive and that the Defendant was being sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(2) and (6); see State v. Tuttle, 914 S.W.2d 926, 933 (Tenn. Crim. App. 1995). These factors authorize the trial court to consider consecutive sentences as a part of his discretionary authority. When a defendant falls within the statutory classifications for eligibility to be considered for consecutive

sentencing, the only remaining considerations are whether (1) the sentences are necessary in order to protect the public from further misconduct by the defendant and (2) "the terms are reasonably related to the severity of the offenses." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

The trial court clearly had a basis for concluding that consecutive sentences are necessary to protect the public. These offenses were committed while the defendant was on intensive probation, thus, he has demonstrated a lack of amenability for rehabilitation. The fact that the Defendant chose to violate a position of trust by burglarizing the business of his employer is of special concern. See State v. Moore, 942 S.W.2d 570, 574 (Tenn. Crim. App. 1996). Furthermore, the Defendant has a serious crack cocaine addiction which he has been unsuccessful in getting treatment for on his own. Therefore, we cannot conclude that the trial court erred or abused his discretion by imposing consecutive sentences in this case.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE